BERANEK, Judge.
This is an appeal by defendant from a final judgment in favor of plaintiffs after jury trial in a personal injury action. Plaintiff was paralyzed when he hit a log and fell while riding a motorcycle in a park in Fort Pierce on January 13, 1973. A portion of the park was designated as a motorcycle riding area.
Plaintiff originally sued the City of Fort Pierce and several employees. The case was dismissed as barred by the statute of limitations and this court reversed the dismissal as to the individual defendant employees. Tedder v. City of Fort Pierce, 333 So.2d 506 (Fla. 4th DCA 1976), cert. denied, 345 So.2d 428 (Fla.1977). On remand, the matter proceeded to trial against the City employees on the theory of personal liability-
At the conclusion of the trial, plaintiff voluntarily dismissed several of the individual defendants and the case was submitted to the jury against the City Manager, Milton Davis, and a City Police Officer, Michael Hill. The jury returned a verdict for the plaintiff against the defendant City Manager only, finding in favor of the defendant Police Officer. The jury found the plaintiff guilty of comparative negligence equal to 75%, and assessed the City Manager’s negligence at 25%.
On appeal, defendant contends the trial court erred in failing to direct a verdict because plaintiff has not proven the requisite special duty necessary to establish the liability of a public officer. Appellant also contends that Section 375.251, Florida Statutes (1979), limits liability for injury in parks and provides immunity in this case.
The cause of action herein accrued prior to the effective date of the waiver of sovereign immunity contained in Section 768.28, Florida Statutes (1975). As such this case is governed by the dictates of Modlin v. City of Miami Beach, 201 So.2d 70 (Fla.1967). See Infande v. Seligman of Florida, Inc., 380 So.2d 1169 (Fla. 4th DCA 1980).
Modlin states that a fundamental element of actionable negligence is the existence of a duty owed by the person charged with negligence to the person injured. Further, this duty must be something more than the duty that a public officer owes to the public generally. This gives rise to the requirement of a special duty. The precise question here would be whether the City Manager owed a greater or special duty to *280 plaintiff than he owed to the public generally.
Modlin was overruled by the Florida Supreme Court in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Therein the Modlin rule was soundly criticized. Commercial Carrier comments that the special duty requirement results “in a duty to none where there is a duty to all.” Despite this criticism and despite the difficulty in applying the special duty doctrine, we believe we must apply the law as announced in Modlin to this case. Commercial Carrier rejected Modlin stating: “Consequently, we conclude that Modlin and its ancestry and progeny have no continuing vitality subsequent,to the effective date of Section 768.28.” This accident, however, occurred before the effective date of the statute.
Plaintiffs showed that defendant, Milton Davis, as City Manager, supervised the building and construction of the park. The complaint alleged a duty to construct the facility in a safe manner and a duty to warn the public of hazards. Plaintiffs argue that because the evidence showed the City Manager knew of logs in the park, he had a duty to put up warning signs which might have affected defendant. and other motorcyclists.
We hold that no special duty has been demonstrated here. In Modlin, plaintiff’s wife was killed when a mezzanine collapsed upon her while she was shopping in a store. Modlin held that a city building inspector owed no greater duty to the patron of a retail establishment than he owed to the public at large. Thus, the building inspector was not held personally liable to plaintiff and the City, in turn, was not liable under the doctrine of respondeat superior. In the case below, defendant, City Manager, was certainly not shown to have any greater duty than demonstrated in Modlin. We, thus, conclude that a directed verdict should have been entered in favor of the defendant City Manager. We also note that the other individual defendant in this case was exonerated by the jury of any negligence. This defendant was a Police Officer and was at the park on the day in question. Plaintiff asserted that this Police Officer should have taken steps to protect him and that his failure to do so constituted negligence. It would seem that the duty owed by the Police Officer under the circumstances of this case was more direct and “special” than that owed by the City Manager. There was evidence that the Officer had an assignment to generally monitor the motorcycles in the park. In any event, the correctness of the jury’s finding of negligence on the Police Officer’s part is not before us.[1]
We conclude that Modlin v. City of Miami Beach, supra, required a directed verdict in the defendant’s favor and the final judgment below is, therefore, reversed and the cause .remanded with directions to enter judgment for the defendant and for further appropriate action as required on motion of any party.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and HERSEY, JJ., concur.

. In the trial of this cause, the jury was advised that out of the five individual defendants, only one was covered by liability insurance. Plaintiff took a voluntary dismissal of three of the defendants before submission of the case to the jury. The jury found in favor of the uninsured defendant and against the insured defendant.